UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cr-47-cr |
| | ) | |
| WILLIAM HILLARD, | ) | |
| Defendant | ) | |

## MOTION TO RECONSIDER ORDER OF DETENTION
## AND REQUEST FOR RELEASE ON CONDITIONS

NOW COMES Defendant William Hillard, through counsel, and respectfully moves this Honorable Court to vacate the Order of Detention, and order that Mr. Hillard be released on conditions. This motion is being filed pursuant to 18 U.S.C. § 3142 based on new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Mr. Hillard and the safety of the community.

**Background**

William Hillard is 51 years old and has lived in Vermont his entire life other than the time he spent in New Hampshire attending college. He has consistently worked, primarily in the restaurant industry. He has lived the majority of his life as a law abiding and productive member of society. He has a very dated criminal record from 1996 from when he was about 24 years old. Although his old offenses involve relatively similar conduct, he successfully completed a two-year term of probation following those convictions and has essentially stayed out of legal trouble ever since.

His father passed away from cancer a few years ago and this had a significant impact on Mr. Hillard. On top of this, he has type I diabetes which has caused significant medical issues for him his entire life, including much more serious health issues in the last few years. He has not

1

previously had any formal mental health diagnosis nor has he previously engaged in any counseling or treatment, including nothing to address the grief he experienced due to his father's passing not anxiety related to his medical issues. He is willing to engage in treatment both for mental health and substance use. Prior to his arrest, he was residing with his mother at their family home and working at a local restaurant.

**Case Status**

On April 14, 2022, Mr. Hillard was charged in a criminal complaint with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a destructive device in violation of 26 U.S.C. § 5861(d). The government also moved to detain Mr. Hillard. He was arrested soon after and without issue. He was cooperative and gave a statement to law enforcement following his arrest. At no time during his arrest or post-arrest statement did he make any threats to law enforcement or to anyone else.

At a detention hearing the next day, the Court granted the government's detention motion and ordered Mr. Hillard detained. On April 28, 2022, Mr. Hillard was indicted by a grand jury in a two-count indictment for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a destructive device in violation of 26 U.S.C. § 5861(d). Later that day at his arraignment he entered pleas of not guilty. The Court set a pre-trial motion deadline for July 27, 2022. He remains incarcerated at Cheshire County Correctional Facility.

**Conduct Underlying Criminal Charges**

In his post-arrest interview, Mr. Hillard stated to law enforcement that the items he possessed were for protection purposes or even merely recreational purposes only. Since the passing of his father, he was particularly concerned about his ability to protect himself and his mother should the need arise. The alleged threats by Mr. Hillard cited to in the government's

detention motion are from a single individual and were made in the context of an investigation into that same individual by the DEA for drug related activity in New Hampshire. Based upon the circumstances of these allegations, the credibility of this witness is questionable at best where the witness was being questioned as a suspect in criminal conduct, and he had something to gain either by providing helpful information or deflecting suspicions away from himself.

**Change in Circumstances and Release Plan**

Mr. Hillard is proposing that he be released to reside with his mother at the family home in Wilder, Vermont. His mother supports him living with her and will agree to any residence check required by Probation. He was not eligible for inpatient substance abuse treatment but has done an initial assessment with Crystal Barry, MA, Executive Director of Therapeutic Works Inc. This assessment indicated that one on one counseling was appropriate for grief related to the death of his father and general anxiety, and that he was receptive to counseling. No other serious mental health diagnoses were indicated. Following Ms. Barry's assessment, a treatment plan was developed. Mr. Hillard will have counseling with Maggie Ross, Clinical Social Worker, once a week. He has given consent to Ms. Ross and Ms. Barry to speak to his mother to help with treatment and monitoring treatment.

In addition to individual counseling, Mr. Hillard can also attend Intensive Outpatient Programing ("IOP") treatment at the Clara Martin Center in Wilder, VT. They will not allow an incarcerated individual to sign up for treatment, but they indicated they have no waiting list and pursuant to their procedures for admission, defense will set up an intake appointment for Mr. Hillard once a hearing date for the detention hearing is set. Thus, if a higher level of care is clinically appropriate, he can immediately begin the process for IOP upon his release.

**Argument**

The decision to release a defendant, pre-trial, turns primarily on the factors enumerated in § 3142(g) including: the nature and circumstances of the offense, the strength of the evidence, the background of the defendant, and the level of danger to others that the defendant's release would pose. *See* 18 U.S.C. § 3142(g). After considering the application of the factors, the judge "**shall** order" the defendant's pretrial release unless the judge determines that the defendant presents an unreasonable risk of flight or a danger to any other person or the community. *See* 18 U.S.C. § 3142(a)-(b)(emphasis added). Thus, "it is only a 'limited group of [defendants]' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 194–95 (2d Cir. 1987).

A defendant may only be detained if, after a detention hearing, the court finds that release on bail would pose a danger to "the safety of any other person and the community." 18 U.S.C. § 3142(e). Dangerousness includes "a serious risk that the [defendant] will…attempt to obstruct justice, or threaten, injure, or intimidate… a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). Detention based on dangerousness must "be supported by clear and convincing evidence" of dangerousness. 18 U.S.C. § 3142(f). A change in circumstances pursuant to 18 U.S.C. § 3142(f) warrants re-opening the issue of detention where there is new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community.

The government does not argue that Mr. Hillard is a risk of flight and in their detention motion cited only to concerns regarding public safety. Mr. Hillard has now undergone an initial mental health assessment and has developed a treatment plan that includes individual counseling as well as IOP treatment. His mother has confirmed that he can reside with her and she is willing

4

to submit to a residence check. Based on this new information, re-opening the issue of detention is not only warranted, but it is clear pursuant to the § 3142(g) factors that the government cannot meet its burden to prove by clear and convincing evidence that there are no conditions of release that can be imposed on Mr. Hillard to assure public safety.

Mr. Hillard's release does not pose any potential risk to public safety as the firearm and destructive devices he did possess were already seized by law enforcement. He would no longer have access to them and would follow a condition to not possess or acquire any of these items. In addition, residing with his mother following a residence check, monitoring by Probation including home detention and location monitoring, treatment including individual counseling and IOP, would more than mitigate any concerns for public safety that arise out of mental health or substance use concerns. Thus, there does exist a set of conditions the Court can impose that would adequately assure any remaining concerns regarding public safety as required by the Bail Reform Act.

**Government and U.S. Probation Office positions**

The government, through Assistant United States Attorney Barb Masterson, opposes Mr. Hillard's release on conditions, as does U.S. Probation Officer, Brittani Mulholland.

WHEREFORE, Mr. Hillard respectfully requests that the Court reconsider its Order of Detention and direct his release to reside with his mother and follow the conditions proposed by Probation.

Dated at Burlington, Vermont this 7th day of June, 2022.

MICHAEL L. DESAUTELS
FEDERAL PUBLIC DEFENDER

By:   */s/ Sara M. Puls*_____
       Sara M. Puls

        Assistant Federal Public Defender
        Office of the Federal Public Defender
        95 Pine Street, Suite 150
        Burlington, Vermont 05401
        (802) 862-6990
        Sara_Puls@fd.org
        Counsel for William Hillard